In the Matter of ALEXANDER KANASY et al., Petitioners, against BERNICE W. NUGENT, as Town Clerk of Town of Ramapo, et al., Respondents.

Supreme Court, Trial and Special Term, Rockland County, October 16, 1954.

*Kennedy, Teale & Kennedy* for petitioners.

*Lexow & Jenkins* for respondents.

*Nathaniel L. Goldstein, Attorney-General* (*Louis E. Cooper* and *Joseph H. Flynn* of counsel), *amicus curiæ*.

EAGER, J. This is an article 78 proceeding for relief in the nature of a mandamus order directing respondent building inspector and respondent town clerk to approve an application for issuance and renewal of a boardinghouse license to petitioners for year 1954, and directing the town clerk to immediately issue such a license to them. It would seem that the petition should be dismissed for insufficiency in that it is devoid of a factual showing entitling the petitioners to the relief sought. There are the conclusory allegations that the petitioners " have complied with all the terms and conditions " of the licensing ordinance and that the denial by the respondents of the application for the license " is arbitrary, unreasonable and illegal. Petitioners are entitled to the issuance of the requested license as of right, and respondents have violated their duties to approve said application and to issue and renew the license." But, there is no showing whatever of facts establishing that the action of the respondents in denying the application was arbitrary or unlawful, or establishing the right of the petitioners to the relief sought.

It is clear, however, from the answer of the respondents, the affidavits submitted and the papers on the application of the Attorney-General to appear herein as *amicus curiæ*, that the issue between the parties is as to the validity of the provisions of the Zoning Ordinance of the Town of Ramapo as follows: " No structure or premises shall be used as a boarding house for institutional inmates or persons on parole from public or private institutions after care and treatment for mental ailments or disorders, except that the Board of Appeals after due notice and public hearing, may grant a temporary revocable permit for the use of an existing building and premises within

a business or industrial district for the lodging, care or maintenance of persons committed to any public or private hospital or institution for mental ailments or disorders and not finally or completely discharged therefrom, provided; 1. That such building complies otherwise with the provisions of the ordinance governing this district in which it is situated. 2. That the consent and approval from any other body or authority having jurisdiction is first obtained. 3. In passing on such application, the Board of Appeals shall grant or deny such permit without violating the spirit of the ordinance and in the interest of public safety and welfare and with reasonable consideration, among other things, to the character of the neighborhood and its peculiar suitability for the use applied for and with a view to conserving the value of land and buildings and encouraging the most appropriate use of lands throughout the municipality.''

It appears that the petitioner Kanasy is the owner and petitioner Vines is the lessee of premises which have been used for years for boardinghouse purposes. From 1941 to 1953, yearly licenses and/or renewals for use of the premises for such purposes were issued by the town clerk of the town pursuant to the terms of another certain ordinance of the town requiring the licensing of all boardinghouses and lodginghouses with accommodations for more than five boarders or roomers.

Since November, 1952, patients from Rockland State Hospital have been boarded upon the premises, and during the year 1953, the entire clientele (an average of twelve boarders) have consisted of '' family care '' patients from said institution. The premises of the petitioners are, however, situate in a residence district, and, therefore, by virtue of the provisions of the ordinance set out above, the petitioners may not use them for the purpose of a boardinghouse for institutional patients and parolees. Consequently, the petitioners' application for a license for year 1954 was denied.

The position of the petitioners and of the Attorney-General, appearing *amicus curiæ*, is that the ordinance in question is invalid, particularly because it is alleged to conflict with the provisions of subdivision 12 of section 34 of the Mental Hygiene Law, authorizing the director of a State mental institution to '' make arrangements *with suitable families* for the care, maintenance and treatment of patients of the institution '' and providing that he '' may place at board in a *family* with whom any such arrangements have been made, any patient for whom *family care* may be deemed beneficial.'' '' Family Care '' is defined as the '' care of a mentally ill or a mentally defective person

*by a family* other than his own, with which he has been placed by the director of the state institution in which such individual is a patient ''. (Mental Hygiene Law, § 2, subd. 7; italics added by the court.)

The conclusion of the court, however, is that the ordinance is valid. It does not tend to abrogate or nullify the provisions of the Mental Hygiene Law aforesaid. *In the first place,* properly construed, the ordinance would not be applicable to the care and maintenance of a patient in a family where the care and maintenance is incidental to the family use of premises. The ordinance applies to premises used as a '' boarding house for '' institutional inmates or parolees. The taking into residence premises by a family of a boarder or two who are served with and treated as one of the family is not generally construed as the operation of a boardinghouse. (See *Baddour* v. *City of Long Beach,* 279 N. Y. 167, and *Gallon* v. *Hussar,* 172 App. Div. 393.) Subdivision 12 of section 34 of the Mental Hygiene Law authorizing the arrangement '' with suitable families '' for the care and maintenance of patients and the boarding of a patient '' in a family '' would seem to generally contemplate the placing of patients into a home where the family relationship is maintained and the joining by the patient or patients into such relationship as much as possible. This being so, action by institutional directors under said provision would not be greatly affected by the particular ordinance which applies to '' boarding houses '' operated as a business and which, in the opinion of the court, does not apply to the keeping of a boarder by a family upon residence premises where incidental to the carrying on of the family relationship.

Then, *in the second place,* the ordinance in question does not altogether prohibit the conducting of boardinghouses for institutional patients or parolees throughout the town of Ramapo. In *Jewish Consumptives' Relief Soc.* v. *Town of Woodbury* (230 App. Div. 228, affd. 256 N. Y. 619) which decision is principally relied upon by the petitioners and the Attorney-General, it appears that the ordinance there in question '' excludes an institution for the treatment of tuberculosis from all of the districts of the town '' (230 App. Div. 233) and, in holding the ordinance invalid as in conflict with provisions of the Public Health Law authorizing the establishment and locating of such an institution by State commissioner of health and local health officer, Presiding Justice LAZANSKY did say (230 App. Div. 237), '' The conclusion [herein reached] that the town has no power to prohibit does not necessarily mean that it has no right to regulate

and restrict ''. In the opinion of the court, the particular ordinance of the Town of Ramapo involved in this proceeding is a reasonable and proper exercise of the powers of the town board of the town under article 16 of the Town Law to enact reasonable zoning regulations in the interest of the general welfare. The ordinance does not effect a general prohibition against the location in the town of places for family care of institutional patients or parolees. It, in fact, authorizes the granting by the zoning board of appeals of permits for the use of existing buildings in particular districts for the boarding of such patients and parolees. It may not be said that the conferring of this authority upon the board of appeals is an unreasonable delegation of legislative powers, where, as here, there are prescribed rules and standards for the board to follow in determining whether or not a permit shall be issued. Of course, an arbitrary or discriminatory action by the board of appeals in a particular case in refusing or revoking a permit would be subject to review and annulment by the courts.

The application of the ordinance in question to bar operation by petitioners in a residence district of a boardinghouse to accommodate a considerable number of State hospital patients or parolees seems particularly reasonable and proper. The conducting of such a boardinghouse is in the nature of a business properly excluded from a residential district. (See *Baddour* v. *City of Long Beach,* 279 N. Y. 167, 174, *supra.*)

The petition is dismissed. Submit order on notice.